IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

_____

|  |  |  |
|---|---|---|
| VIRGINIA DORSEY | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 8:09cv02208 (PJM) |
| | ) | |
| GIANT FOOD LLC, ET AL. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

_____

## DEFENDANT UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 400'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b)

### INTRODUCTION

On July 20, 2009, Plaintiff Virginia Dorsey filed suit against Defendant Local 400 ("Local 400" or the "Union") and Defendant Giant Food, LLC ("Giant") in Montgomery County Circuit Court seeking monetary damages, attorneys' fees and interest. Plaintiff alleges various violations of the collective bargaining agreement ("CBA") between Local 400 and Giant, breach of contract, a breach of the duty of fair representation against Local 400 and a violation of Maryland's Wage and Hour Law.

Presently before this Court is Defendant Local 400's Motion to Dismiss, which was filed on August 24, 2009. (Docket #7). Defendant also filed a memorandum in support that accompanied the motion. *Id.* Plaintiff has failed to submit a timely opposition to Defendant's motion, in compliance with a Court Order requiring a response by September 10, 2009. *Id.*

## STATEMENT OF FACTS

Defendant Local 400 incorporates herein the facts as stated in its Motion to Dismiss for Failure to State A Claim.  In sum, Ms. Dorsey was late for work 24 times in an almost six month period. (Compl. ¶25, 34).  Not surprisingly, she was discharged on January 21, 2009 for chronic tardiness.  (Compl. ¶26, 34).  Shortly thereafter, she notified the Union of her termination and asked the Union for assistance in pursuing reinstatement.  (Compl. ¶27).  The Union therefore filed a grievance on behalf of Ms. Dorsey and processed it.  (*See generally* Compl. ¶30).  Later, a Union representative and Ms. Dorsey met with Giant representatives and subsequently the Union informed Ms. Dorsey that Giant refused to reinstate her and that the Union had determined that there was not a sufficient basis to warrant arbitration or further pursuit of her grievance. (Compl. ¶28-30).  Ms. Dorsey's Complaint did not even allege a breach of the duty of fair representation on the part of the Union and as such, failed to state a claim for relief. *See* Def. Local 400's Motion to Dismiss for Failure to State A Claim.

## ARGUMENT

### A.  Standard of Review

A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion. *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974). This is not "a rigid four-prong test." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).  Rather, the propriety of a dismissal of the type involved here depends on the particular circumstances of the case.  *Id*.

I.        **Defendant Local 400's 41(b) Motion Should Be Granted or in the Alternative, Local 400's Original Motion to Dismiss Should Be Granted**

Federal Rule of Civil Procedure 41(b) states in relevant part,

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.

The granting of an unopposed motion to dismiss is within the discretion of the Court. Local Rule 105.2(a) states that "[u]nless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen days of the service of the motion." On August 24, 2009, Plaintiff was directed to respond to Defendant Local 400's Motion to Dismiss by September 10, 2009.  (Docket #7).  To date, Plaintiff has not attempted to file its opposition or provided an explanation for its delay or petitioned this Court for (or requested of Defendant Local 400) an extension of time to file such opposition.  In fact, Plaintiff has failed to comply with a similar directive related to Defendant Giant's Motion to Dismiss as well.  (Docket #10).

It is undisputable that Plaintiff had notice of Local 400's Motion to Dismiss.  To date, Plaintiff has taken no action to either dismiss the Union or file a response to Local 400's Motion to Dismiss out of time.  As an experienced practitioner, Plaintiff's counsel is aware of the consequences of default and given the scheduled November 30th hearing date, should have recognized the importance of submitting a timely response.

When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice, under Rule 41(b).  *See Link v. Wabash R.R. Co.*, 370

U.S. 626, 629 (1962). Two weeks have passed since Plaintiff's response was due and Plaintiff has not even attempted to cure its default. It is doubtful that a warning would produce the desired effect given Plaintiff's failure to comply with a specific directive of the Court. Dismissal is appropriate here; or in the alternative, the Court should treat Defendant Local 400's original Motion to Dismiss for Failure to State A Claim as conceded by Plaintiff and grant that Motion.

Moreover, Defendant Local 400 has been prejudiced by Plaintiff's actions. As the Court held in *Link,* the purpose of Rule 41(b) is to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629-630. In effect, Plaintiff has left Defendant in limbo- unsure of whether it will remain a party to this case. Since Plaintiff has not filed an opposition to Local 400's motion, Local 400 has no notice of the responsive arguments that Plaintiff intends to raise, negatively impacting Local 400's ability to prepare for the November 30th hearing. Rule 41(b) was enacted not only as a specific deterrent but also to deter those who would be tempted to engage in such dilatory conduct without the presence of such a deterrent. *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). The facts in this case warrant application of Rule 41(b) and either this Motion should be granted or the Court should treat Local 400's original Motion to Dismiss as conceded by Plaintiff and grant that Motion to Dismiss.

## <u>CONCLUSION</u>

The pleadings demonstrate that Plaintiff has plainly failed to comply with a specific directive of this Court. Plaintiff has also failed to offer any explanation regarding its noncompliance or attempted to correct its default. For the foregoing

reasons, Defendant Local 400 moves the Court to dismiss this case pursuant to Rule 41(b) or in accordance with Local 400's original Motion to Dismiss, Rule 12(b)(6).

DATED: September 29, 2009

Respectfully Submitted,

UNITED FOOD & COMMERCIAL
WORKERS UNION, LOCAL 400
By:

/s/_____
Carey R. Butsavage, Esq.
cbutsavage@butsavage.com
Butsavage & Associates, P.C.
1920 L St., NW, Ste. 400
Washington, DC 20036
(202) 861-9700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 29, 2009, the foregoing Motion to Dismiss and

Memorandum in Support and Proposed Order were electronically served, this 29th day of

September, 2009 on the following parties:


Shelton H. Skolnick, Esq.
shelly.skolnick@verizon.net
Skolnick & Leishman, P.C.
14300 Gallant Fox Lane, Ste. 212
Bowie, MD 20715
(301) 352-0200

*Counsel for Plaintiff*

Henry Platt, Esq.
hplatt@saul.com
Anessa Abrams, Esq.
aabrams@saul.com
Saul Ewing LLP
2600 Virginia Ave, NW, Ste. 1000
Washington, D.C. 20037
(202) 342-3420

*Counsel for Defendant*
*Giant Food, LLC*