IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VIRGINA DORSEY** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. PJM 09-2208 |
| | * | |
| **GIANT FOOD LLC, et al.** | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Virginia Dorsey has sued Giant Food LLC ("Giant Food") and Local 400 United Food & Commercial Workers Union ("the Union"), alleging breach of a collective bargaining agreement, breach of a duty of fair representation, breach of an employment contract, and failure to pay wages under the Maryland Wage and Hour Law. In response, Defendants have filed Motions to Dismiss [Paper Nos. 7, 10, and 13]. Dorsey failed to respond to any of the Motions to Dismiss in a timely manner and has now filed Notices as to both Defendants seeking to dismiss this case without prejudice [Paper Nos. 19 and 20]. Giant Food opposes dismissal without prejudice. The Union does not.

For the reasons stated below, the Motions to Dismiss are **GRANTED** and the Complaint in this matter is **DISMISSED WITH PREJUDICE** as to Giant Food and **WITHOUT PREJUDICE** as to the Union.

**I.**

Dorsey originally filed her Complaint in the Circuit Court for Montgomery County, Maryland alleging breach of a collective bargaining agreement, breach of a duty of fair representation, breach of an employment contract, and failure to pay wages under the Maryland

1

Wage and Hour Law. The case was removed to this Court on August 24, 2009. Defendants filed Motions to Dismiss [Paper Nos. 7 and 10] arguing that Dorsey had failed to state a claim upon which relief can be granted and preemption of her state law claim by federal statute. Dorsey filed no opposition to either Motion within the applicable deadline. Thereafter, the Union filed an additional Motion to Dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) [Paper No. 13]. On December 2, 2009 the Court issued an Order requiring Dorsey to show good cause within 14 days why the case should not be dismissed with prejudice. In response to the Court's Show Cause Order Dorsey filed Notices of Dismissal as to both Defendants, seeking to dismiss the case without prejudice.

On December 18, 2009 Giant Food filed an Opposition to the Notice of Dismissal, noting Dorsey's failure to provide any explanation whatsoever for her failure to respond to the Motions to Dismiss.

**II.**

The Court agrees that dismissal with prejudice is appropriate as to Giant Food under the circumstances. Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order. Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding that a district court may invoke Rule 41(b) *sua sponte*). In this case Dorsey has done both. First, she failed to respond to three Motions to Dismiss, each of which appeared to contain meritorious arguments. Then, in response to this Court's clear directive to show good cause why the Motions to Dismiss should not be granted and why the case should not be dismissed <u>with prejudice</u>, she simply filed notices of dismissal <u>without prejudice</u>, with no explanation for her repeated failure to respond.

Dorsey's inability to observe the Court's deadlines is unacceptable. Her response to the Court's Order hardly constitutes "good cause" excusing her behavior. Accordingly, Giant Food's Motion to Dismiss is **GRANTED** and the Complaint as to it is **DISMISSED WITH PREJUDICE**.

### III.

Unlike Giant Food, the Union filed no response in opposition to its corresponding Notice of Dismissal in this case. Moreover, the Union subsequently communicated to the Court that it does not oppose dismissal without prejudice. Accordingly, the Union's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**.

A separate Order will **ISSUE**.

                                                                        /s/
                                    **PETER J. MESSITTE**
                          **UNITED STATES DISTRICT JUDGE**

**February 17, 2009**